JAMES H. VAN GELDER, APPELLANT, *v.* DANIEL H. VAN GELDER AND OTHERS, RÉSPONDENTS.

*Demurrer — costs at Special Term — costs upon appeal to General Term — Code of Civil Procedure*, §§ 1347, 1349.

Upon an appeal to the General Term from an order of the Special Term overruling or sustaining a demurrer to the whole or a portion of the pleading, the successful party is entitled to tax, as costs, twenty dollars before, and forty dollars for argument.

Where an order is made at the Special Term sustaining or overruling a demurrer to the whole or a portion of the pleading, the successful party is entitled to the full costs of the trial of an issue of law; and where relief is granted to the unsuccessful party, it should be only upon the payment of those costs; and to grant it upon payment of ten dollars costs only is improper.

*Hoffman* v. *Barry* (4 N. Y. S. C. [T. & C.], 253) limited.

MOTION to amend an order of the General Term.

At a General Term held at the city of Albany on the 23d of November, 1877, an order was made in this action affirming an order of the Special Term, " with ten dollars costs and disbursements." The order of the Special Term overruled a demurrer interposed by the plaintiff to the fourth defense set up in the answer.

This motion was made by the defendant to have the order of the General Term corrected by striking out the words " with ten dollars costs and disbursements," so as to allow full costs of the appeal.

*J. N. Fiero*, for the appellant.

*James B. Olney*, for the respondent D. H. Van Gelder.

LEARNED, P. J.:

Section 307, subdivision 5, of the Code of Procedure fixes costs on appeals at twenty dollars before argument and forty dollars for argument. From this rate it excepts appeals to the Court of Appeals and appeals in cases mentioned in subdivisions 1, 3, 4 and 5 of section 349 and in the second paragraph of section 344. The present appeal was from an order overruling a demurrer. It was therefore brought under subdivision 2 of section 349, and is not excepted from the prescribed rate.

In reply it is urged that the repealing act (chapter 417, Laws of 1877, subdivision 4, section 1) has repealed section 349 of the Code, and that sections 1347 and 1349 of the Code of Civil Procedure have substantially taken its place ; that subdivision 2 of section 1347 does not mention an order overruling or sustaining a demurrer. The commissioners say that an appeal from such an order is provided for in section 1349, as an interlocutory judgment. However that may be, we cannot apply the language and the exceptions of the section 307, subdivision 5, above referred to, to the sections of the Code of Civil Procedure above cited. If we cannot, since the repeal, refer at all to the old sections 349 and 344 for the meaning of section 307, then every appeal (except to the Court of Appeals) would carry the costs of section 307, subdivision 5. We think it more fair and simple to construe section 307, subdivision 5, as if it incorporated the description of appeals instead of designating them by reference to other sections ; and we think therefore that the rule of costs in this respect is not altered by the changes of the last year. In this view it seems to us that on an appeal from an order overruling or sustaining a demurrer the successful party is entitled to tax twenty dollars before argument and forty dollars for argument. This is contrary to previous practice. But the matter has not before been called to our notice ; and the change in the language of the Code has not been observed. The order of the last term must therefore be modified, as asked by the defendant.

The plaintiff asks a modification also that he may be allowed to withdraw his demurrer and to reply. He should be allowed to do so, on payment of the costs on overruling the demurrer at the Special Term, the costs of the appeal, including taxable disbursements

and ten dollars costs of motion, to be paid in ten days after service of a copy of the order.

BOCKES, J.:

I concur in the views expressed in the above opinion of my brother LEARNED, but it may be well to add an observation as to what the practice should now be at Special Term when relief is asked for and given to the unsuccessful party on demurrer. A remark on this subject is deemed necessary to avoid a misunderstanding of the decision (or a misapplication of it) in *Hoffman* v. *Barry* (4 N. Y. S. C. [T. & C.], 253). The overruling of a demurrer is, in legal effect, the ordering of judgment on the demurrer against the party demurring, and so an order sustaining a demurrer is a direction for judgment in favor of the party demurring. It is the better practice — indeed it is the true practice — to enter the order *in form* for judgment in favor of the prevailing party on the issue of law. The form of the order will, too, be the same whether the demurrer be interposed to an entire pleading or to one or more of several causes of action or defenses. The direction so given in form is now probably, under section 1349 of the Code, an interlocutory judgment. Such was the understanding of the codifiers. (See note to section 1349.) The successful party on a demurrer is then, in an action in which costs are given him by law, entitled to full costs, as given on the trial of an issue of law; and, inasmuch as costs are not in the discretion of the court, the right to those costs is absolute. And if relief be granted to the party against whom the interlocutory judgment is directed, it must be on payment of those costs. It follows, that to grant relief to such party on payment of ten dollars costs only, as upon a motion, is improper. My remarks in *Hoffman* v. *Barry* must stand explained or perhaps modified and corrected to meet the views here expressed. As regards the costs on an appeal from an order for judgment on demurrer, I agree with the conclusion of brother LEARNED, above given, in view of the present provisions of the Code.

In this case both parties have moved for an amendment of the order of the General Term, the defendant by striking out the limitation of costs on the appeal, and the plaintiff by adding a provision for relief against the decision of the court on the demurrer.

Both motions should be granted, as directed in the conclusion of the foregoing opinion.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Motion to correct order granted. Motion of plaintiff granted allowing him to reply on payment of the costs of the demurrer and costs of the appeal, and ten dollars costs of the motion, within ten days after service of a copy of this order.